IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02363-WYD-MEH

EUGENE WIDEMAN, JR.;

      Plaintiff;

v.

ANGELA GARCIA;
PUEBLO COUNTY, COLORADO; and
CEASAR CHAVEZ ACADEMY;

      Defendants.

---

## RECOMMENDATION ON DEFENDANT CEASAR CHAVEZ ACADEMY'S AND COUNTY'S MOTIONS TO DISMISS

---

Before the Court are Defendant Ceasar Chavez Academy's Motion to Dismiss Complaint [Docket #7] and Defendant County's Motion to Dismiss and for Award of Attorney's Fees [Docket #10]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motions to Dismiss and **dismiss** this case in its entirety for lack of jurisdiction.

I.    **Facts**

Plaintiff's ex-wife, Ms. Garcia, filed for and received a restraining order against Plaintiff based in part on affidavits provided by employees of Defendant Ceaser Chavez Academy ("Academy"). Plaintiff claims that these affidavits were false and that, therefore, Defendant Academy conspired with Ms. Garcia and others to violate his due process rights under the Fourteenth Amendment. Plaintiff has also brought suit against Ms. Garcia and Pueblo County, Colorado, and

alleges that the state district court violated his Sixth Amendment rights because the trial judge is biased against Plaintiff and further alleges that the court has violated his Fourteenth Amendment rights by allowing improper evidence and restricting his access to his daughter.

Defendant Academy has filed a Motion to Dismiss based on Plaintiff's failure to obtain proper service and on his failure to state a claim upon which relief can be granted. Defendant Academy received notice of this lawsuit by mail and has not waived service. Defendant Academy further states that it is not a party to the underlying state claim and that Plaintiff admits that the restraining order entered in that case is valid.

In response, Plaintiff argues that Defendant Academy should either waive service or pay the cost of service. Plaintiff further states that Defendant Academy has refused to give him access to his child's school records, in violation of state statute and a state court order. Plaintiff also alleges that Defendant Academy provided false statements to support the restraining order because he is African American and Ms. Garcia is Hispanic. Defendant filed no reply.

Defendant County alleges in its Motion to Dismiss that the family-law dispute underlying Plaintiff's claims are ongoing in state court and that the District Court of Pueblo County, which entered the relevant orders, is immune from suit based on judicial immunity. Defendant County further argues that this Court should not intercede in an ongoing state action based on the *Younger* abstention doctrine. Plaintiff did not file a Response.

## II.     Discussion

### A.     Standard of Review

A Motion to Dismiss brought under Fed. R. Civ. P. 12(b) should be granted only if Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Sutton v. Utah State*

*Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  All well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party.  *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The issue in reviewing the sufficiency of Plaintiff's Complaint is not whether Plaintiff will prevail, but whether Plaintiff is entitled to offer evidence to support their claims.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), (overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).  Although Plaintiff need not state each element of their claims precisely, they must plead minimal factual allegations on those material elements that must be proved.  *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Plaintiff is *pro se*, the Court construes his pleadings liberally.  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).  Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

**B.    Service of Process**

Under the provisions of Fed. R. Civ. P. 12(b)(5), the Court may dismiss a complaint for insufficient service of process.  When sufficiency of service of process is challenged by proper motion, the burden is on the plaintiff to present a prima facie case that he has satisfied statutory and due process requirements which will allow the Court to exercise personal jurisdiction over a defendant.  *Cf. Intercon, Inc. v. Bell Atlantic Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000); *see also Pope v. Boy Scouts of America*, No. 06-2130, 2006 U.S. Dist. LEXIS 80785, at *1 (D. Kan. Nov.

3

3 2006). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (internal quotation omitted). Here, Plaintiff admits that he has not served Defendant Academy, because he instead sought a waiver of service from Defendant Academy.

Pursuant to Fed. R. Civ. P. 4(d)(2)(B), Plaintiff may attempt to serve Defendant Academy by United States mail requesting waiver of service. Yet, if the waiver of service is not returned by Defendant, Plaintiff still must effect personal service, although Defendant will be responsible for the costs:

> Rule 4(d) merely provides a means by which a defendant can avoid bearing the cost of service of the summons. The Rule provides that if a defendant does not waive service after a plaintiff has so requested in accordance with the Rule, the defendant shall then be responsible for the costs incurred in effecting service on him, unless the defendant can show good cause for not complying with the request for waiver of service.

*Pollock v. Vista Village Mobile Home Park*, No. 00-1008, 2000 U.S. App. LEXIS 22608, *1 (10th Cir. Sept. 7, 2000). Defendant Academy did not return the waiver of service here (indeed, it is not clear whether Defendant was properly informed of all information required by Rule 4(d)(2)). Because a party is not required to waive service, Plaintiff must first effect proper service before seeking reimbursement of these costs from Defendant. Fed. R. Civ. P. 4(d). Thus, until Plaintiff effects service, this Court cannot order Defendant Academy to reimburse these costs.

Generally, courts allow a plaintiff the opportunity to cure defects in service of process, rather than dismissing the complaint. *See Pope*, 2006 U.S. Dist. LEXIS 80785, at *3 (citing *Gregory v. U.S. Bankr. Court*, 942 F.2d 1498, 1500 (10th Cir. 1991)). However, as set forth below, the Court believes that such relief is unnecessary based on this Court's lack of jurisdiction in this matter.

4

C.    *Rooker-Feldman* **Doctrine**

Plaintiff alleges that Defendants violated his rights because Ms. Garcia's request for a restraining order was supported by false affidavits and because the state court has allowed other improper evidence in support of its other orders.  Plaintiff's claims in this court are thus directly related to orders entered by the state court.  The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights").

*Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court.  *See Feldman,* 460 U.S. at 483-84 n.16.  A constitutional claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).  In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Id.*

To determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment."  *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.

5

1996); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707

(10th Cir. 2004) (holding that courts should ask "'whether the state-court judgment caused, actually

and proximately, the injury for which [the party] seeks redress'") (quoting *Kenman Engineering v.*

*City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)).

Here, Plaintiff alleges that the restraining order entered in state district court is in error and

violates his constitutional rights, because it is based on a false affidavit.  Plaintiff also alleges that

other orders entered by the state court are improper and based on faulty evidence.  These allegations,

and Plaintiffs' requested relief, are squarely within the scope of the *Rooker-Feldman* doctrine, and

preclude this Court from reviewing Plaintiff's claims.  While Plaintiff does set forth claims which are

distinct from the claims in state court by raising constitutional issues in this lawsuit, ultimately he is

seeking to void state court orders by claiming that the state court improperly relied on false evidence.

Under *Rooker-Feldman*, the redress for these alleged injuries is through the state court appellate

process to the United States Supreme Court.  Federal district courts can neither address these injuries

nor review the state court proceedings.  28 U.S.C. § 1257; *see also Ely v. Hill*, No. 00-4103, 2001

U.S. Dist. LEXIS 8326 (D. Kan. June 15, 2001) (finding similar claims barred).

  **D.**   *Younger* **Abstention Doctrine**

Although the Court believes that Plaintiff is seeking redress for orders already entered in state

court, and therefore, subject to the *Rooker-Feldman* doctrine, the Court also finds that to the extent

that Plaintiff seeks federal intervention in ongoing state court proceedings, his Complaint is barred

by the *Younger* abstention doctrine.  Federal courts are to avoid interference with ongoing state

proceedings if the state court provides an adequate forum to present any federal constitutional

challenges.  *Younger v. Harris*, 401 U.S. 37 (1971).

Pursuant to the *Younger* Abstention Doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004). This Court must abstain from exercising jurisdiction if the following conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

In this case, Plaintiff readily admits that this federal lawsuit corresponds to proceedings in state court by alleging that Ms. Garcia "[f]or the past eight years has filed over 20 motions." Dock. #1, p.9. All issues raised relate to the evidence relied upon by the state court in addressing family law concerns. Plaintiff can appeal these orders through the state court system and can raises the alleged violations of his constitutional rights by the district court with the state court of appeals. Plaintiff does not and cannot establish that the state appellate process will not provide an adequate forum for his claims. Finally, the state proceedings, centered on issues of family law, involve important state interests, in that family law matters are governed by state law and are traditionally resolved in state courts. *Moore v. Sims*, 442 U.S. 415, 435 (1979). As such, the Court concludes that this Courts should abstain from exercising any potential jurisdiction over Plaintiff's claims.

Although Defendant Garcia has not filed a Motion to Dismiss or an Answer in this case, the Court *sua sponte* recommends that Plaintiff's claims against her be dismissed for lack of jurisdiction. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (finding that the court has a

duty to determine subject matter jurisdiction *sua sponte*).  Based on the preceding analysis and factual

allegations, Plaintiff seeks relief from orders entered in the state court action, of which Ms. Garcia

is a party.  These claims are also barred by the *Rooker-Feldman* doctrine.

## III.   Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS

that Defendant Ceasar Chavez Academy's Motion to Dismiss Complaint [Filed
December 15, 2006; Docket #7] be **granted** and that Plaintiff's Complaint against
Defendant Academy be **dismissed** without prejudice for lack of jurisdiction;

that Defendant County's Motion to Dismiss and for Award of Attorney's Fees [Filed
December 27, 2006; Docket #10]be **granted** and that Plaintiff's Complaint against
Defendant County be **dismissed** without prejudice for lack of jurisdiction;

that both Defendants' requests for attorney's fees be **denied**; and

that Plaintiff's Complaint be **dismissed** in its entirety for lack of jurisdiction.

Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation

to serve and file any written objections in order to obtain reconsideration by the District Judge to

whom this case is assigned.[1]

---

[1]  The party filing objections must specifically identify those findings or recommendations
to which the objections are being made.  The District Court need not consider frivolous,
conclusive, or general objections.  A party's failure to file such written objections to proposed
findings and recommendations contained in this report may bar the party from a *de novo*
determination by the District Judge of the proposed findings and recommendations.  *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file
written objections to the proposed findings and recommendations within ten (10) days after being
served with a copy of this Recommendation may bar the aggrieved party from appealing the
factual findings of the Magistrate Judge that are accepted or adopted by the District Court.
*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.
1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 7th day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge