IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-2363-WDM-MEH

EUGENE WIDEMAN, JR,

    Plaintiff,

v.

AMELIA GARCIA; PUEBLO COUNTY, COLORADO; and CESAR CHAVEZ ACADEMY

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Michael E. Hegarty (doc no 13), isssued February 7, 2007, that Plaintiff's complaint be dismissed for lack of jurisdiction. Plaintiff filed a timely objection to the recommendation. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the Complaint, the motions to dismiss filed by Defendants Cesar Chavez Academy and Pueblo County, the recommendation, and Plaintiff's objections. For the reasons that follow, I accept the recommendation.

The allegations in Plaintiff's Complaint revolve around certain events in connection with child care and custody disputes between Plaintiff and Ms. Garcia, the mother of Plaintiff's child. Plaintiff's primary claim is that he has wrongfully been deprived of parenting time with his child by Ms. Garcia. In addition, he alleges that individuals at

Cesar Chavez Academy conspired with Ms. Garcia in depriving Plaintiff of his 14th Amendment rights by providing false statements in aid of a restraining order against Plaintiff. Plaintiff further alleges that the Pueblo County judge handling the custody issues is biased against him and that the court made errors in the issuance of the restraining order.

Magistrate Judge Hegarty recommended dismissal of the case because Plaintiff has failed to properly obtain service on Cesar Chavez Academy. In addition, Magistrate Judge Hegarty recommends dismissal because the claims are directly related to orders entered by the state court. Pursuant to the *Rooker-Feldman* doctrine, a federal action based on alleged constitutional violations is precluded if the relief requested in the federal action would effectively reverse some action or decision by the state court, or would effectively void its ruling. *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Tal v. Hogan,* 453 F.3d 1244, 1256 (10th Cir. 2006) (the Rooker-Feldman doctrine prevents "a party losing in state court ... from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (quotation omitted). In the alternative, Magistrate Judge Hegarty recommends that the Court abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), which requires federal courts to avoid interfering with ongoing state criminal, civil, or administrative proceedings provided certain conditions are met.

The docket does not reflect that proper service was ever effected on Defendant Cesar Chavez Academy. Moreover, I agree with Magistrate Judge Hegarty that the

substance of Plaintiff's claims concerns state court proceedings, which justifies dismissal of Plaintiff's complaint. To the extent that Plaintiff seeks to overturn a final judgment of the state court (i.e., to appeal that judgment), such claims are barred by the *Rooker-Feldman* doctrine. The U.S. Supreme Court has recently made clear that the federal jurisdiction is not barred by the *Rooker-Feldman* doctrine if the federal action "was filed before the end of the state courts' appeal process." *See Guttman v. Khalsa,* 446 F.3d 1027, 1031-32 (10th Cir. 2006) (discussing *Exxon Mobil Corp v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005)). It appears from the face of the complaint that the some proceedings may be final (i.e., the restraining order), while others may be considered ongoing, such as Plaintiff's child custody case. However, as I noted in my order dismissing a parallel case filed by Plaintiff (Case No. 06-cv-01423-WDM-CBS), even if the state courts retain jurisdiction over Plaintiff's child until she becomes an adult, this does not preclude the application of the *Rooker-Feldman* doctrine to claims based on final orders on custody and parenting time entered by the state court.

In addition, I agree with Magistrate Judge Hegarty that, to the extent Plaintiff's claims are based on state court proceedings that are not yet final, they are precluded by the *Younger* abstention doctrine. Magistrate Judge Hegarty correctly applied the proper factors to consider in determining whether abstention is required. *See also Chapman v. Okla.,* 472 F.3d 747 (10th Cir. 2006) (finding that *Younger* conditions were met in case where non-custodial parent alleged constitutional violations in state family court system).

In his objections, Plaintiff first argues that Cesar Chavez Academy has interfered with service or process. However, Plaintiff provides no evidence of this. Accordingly, I

3

overrule this objection.

Plaintiff next argues that Pueblo County failed to properly serve a copy of its Motion to Dismiss on Plaintiff. However, I note that the certificate of service on Pueblo County's motion indicates that it was served on Plaintiff by mail, which is a valid method for service of a motion pursuant to Fed. R. Civ. P. 5. This objection is also overruled.

The remainder of Plaintiff's objections are directed at the determination that the issues in the complaint concern matters of family law which are or were the subject of state court proceedings. However, the allegations contained in Plaintiff's objections, including the history of his relationship with Ms. Garcia, the circumstances of the conception of their child, and conclusory allegations of conspiracy at the trial court, do not persuade me otherwise. Plaintiff has attached the order of the state family court, issued January 23, 2007, concerning custody and parenting time, and then explains why he objects to each portion of that order. Plaintiff's objections can be adequately addressed in the state forum and, therefore, *Younger* abstention is required.

I also accept Magistrate Hegarty's recommendation that the defendants' requests for attorneys' fees be denied.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Hegarty, issued February 7, 2007, is accepted.
2. The Motion to Dismiss Complaint Against Defendant Cesar Chavez Academy (doc no 7) is granted in part and denied in part. The claims against Defendant Cesar Chavez Academy are dismissed without prejudice. Cesar Chavez Academy's

       request for attorneys' fees is denied.

3.     Pueblo County's Motion to Dismiss and for Award of Attorney's Fees (doc no 10) is granted in part and denied in part. The claims against Defendant Pueblo County are dismissed without prejudice. Pueblo County's request for attorneys' fees is denied.

4.     Plaintiff's complaint is dismissed for lack of jurisdiction.

DATED at Denver, Colorado, on March 19, 2007.

                                      BY THE COURT:

                                      s/ Walker D. Miller
                                      United States District Judge